UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD J. BUTLER,

    Plaintiff,

v.                                          Case No.:

POWER ELECTRONICS USA INC,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RICHARD J. BUTLER, by and through undersigned counsel, brings this action against Defendant, POWER ELECTRONICS USA INC ("Defendant"), and in support of his claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages under 29 U.S.C. § 215(a)(3), for unpaid wages under Florida common law.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

### PARTIES

4. Plaintiff is a resident of Pinellas County, Florida.

5. Defendant operates an electronics company in Tampa, in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

10. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

11. Defendant continues to be an "employer" within the meaning of the FLSA.

12. At all times material hereto, Defendant was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

13. At all times relevant to this action, Defendant was engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

14. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

15. Plaintiff was not employed by Defendant in a bona fide administrative, executive, or professional capacity. In particular, Plaintiff had no authority to hire or terminate any other employee of Defendant; he had no special or professional qualifications and skills for the explicit use of which he was employed by Defendant; and he had no control whatsoever over Defendant's business operations, even from an administrative standpoint.

16. Thus, Plaintiff is a "non-exempt employee" who is covered by the FLSA.

17. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

## FACTS

18. Plaintiff began working for Defendant as a Field Technician in March 2019, and he worked in this capacity until May 2019.

19. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and he was entitled to be compensated for these overtime hours at a rate equal to one and one-half times his regular hourly rate.

20. Defendant failed to pay Plaintiff an overtime premium for all of the overtime hours that he worked, in violation of the FLSA.

21. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

22. In exchange for Plaintiff's services, Defendant agreed to pay Plaintiff an annual salary of sixty thousand dollars ($60,000.00), plus reimbursement for travel expenses.

23. Defendant failed to pay Plaintiff all wages owed to Plaintiff, including reimbursement for travel expenses.

24. Plaintiff's unpaid reimbursement for travel expenses constitute "wages" under Florida common law, as well as under Fla. Stat. § 448.08.

25. In late April 2019, Plaintiff told his immediate supervisor, Frank Sosa, that he was a non-exempt employee and pursuant to the FLSA was entitled to overtime payment. Plaintiff informed Mr. Sosa that he would report to the Labor Board if he was not paid in accordance with the FLSA.

26. Defendant retaliated against Plaintiff for demanding to be paid in accordance with the FLSA.

27. On or about May 3, 2019, Defendant terminated Plaintiff's employment in retaliation for his protected action under the FLSA.

28. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA OVERTIME VIOLATION

29. Plaintiff realleges and readopts the allegations of paragraphs 1 through 21 of this Complaint, as though fully set forth herein.

30. During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and he was not compensated for all of these hours in accordance with the FLSA.

31. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

32. As a result of the foregoing, Plaintiff has suffered damages.

*WHEREFORE*, Plaintiff demands:

a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b) Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

c) An equal amount to Plaintiff's overtime damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## COUNT II – UNPAID WAGES UNDER FLORIDA COMMON LAW

33. Plaintiff realleges and readopts the allegations of paragraphs 1 through 24 of this Complaint, as though fully set forth herein.

34. During the statutory period, Plaintiff worked for Defendant, and Defendant agreed to pay Plaintiff for Plaintiff's services.

35. Defendant failed to pay Plaintiff all "wages" owed to Plaintiff, including reimbursement for travel expenses.

36. As a result of the foregoing, Plaintiff has suffered damages.

*WHEREFORE*, Plaintiff demands:

a)     A jury trial on all issues so triable;

b)     That process issue, and that this Court take jurisdiction over the case;

c)     Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages;

d)     All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. § 448.08;

e)     For such further relief as this Court deems just.

### COUNT III – FLSA RETALIATION

37. Plaintiff realleges and readopts the allegations of paragraphs 1 through 28 of this Complaint, as though fully set forth herein.

38. By demanding to be paid in accordance with the FLSA, Plaintiff engaged in protected activity under the FLSA.

39. By terminating Plaintiff's employment, Defendant retaliated against Plaintiff for engaging in protected activity under the FLSA.

40. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

41. Plaintiff was injured by Defendant's violations of the FLSA.

*WHEREFORE*, Plaintiff demands:

(a)     A jury trial on all issues so triable;

(b)     That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FLSA;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Compensatory damages, including emotional distress, allowable at law; and

(f) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 8th day of July, 2019.

Respectfully submitted,

**CHRISTOPHER J. SABA**
Florida Bar Number: 0092016
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-321-4086
Facsimile: 813-229-8712
Email: csaba@wfclaw.com
Email: tsoriano@wfclaw.com
**Attorneys for Plaintiff**